IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| GERTRUDE ANN CARLSON, | * | |
| | * | |
| | * | 3:15-cv-79 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| ONE MAIN FINANCIAL, INC., | * | |
| | * | ORDER |
| Defendant. | * | |
| | * | |

Before the Court is a Motion to Compel Arbitration and Stay Action ("Motion"), filed by

Defendant One Main Financial, Inc. ("Defendant" or "One Main") on August 6, 2015.  Clerk's

No. 6.  Plaintiff Gertrude Ann Carlson ("Plaintiff" or "Carlson") responded on August 24, 2015.

Clerk's No. 7.  Defendant replied on September 2, 2015.  Clerk's No. 8.  The matter is fully

submitted.[1]

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Carlson and One Main executed a Note and Arbitration Agreement ("Agreement") on

May 20, 2013.  *See* Clerk's Nos. 6-2, 6-3.  Carlson filed this action on July 23, 2015, in the Iowa

District Court in and for Van Buren County.  *See* Clerk's No. 1-1 at 4 (Compl.).  Among other

things, Carlson alleges that One Main violated various provisions of the Iowa Debt Collection

Practices Act in its attempts to collect sums due under the Agreement.  *Id*. at 13.  One Main filed

a timely removal notice to this Court on July 23, 2015.  *See* Clerk's No. 1.  One Main then filed

this Motion, seeking to compel Carlson to comply with arbitration mandated by the Agreement,

---

[1]      The Court notes that Plaintiff requested a hearing on this matter, however the Court does
not believe that oral argument would aid in the resolution of Defendant's Motion.

and seeking to stay this action pending completion of the arbitration.  *See* Clerk's No. 8 at 2–3.

For the reasons stated below, One Main's Motion is granted in full.

## II.     LAW AND ANALYSIS

The Agreement signed by Carlson and One Main states, in relevant part, the following:

> **Agreement to Arbitrate Claims.**  Upon written request by either party that is submitted according to the Rules for arbitration, any Claim, except those specified below in this Agreement, shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act, (ii) the then applicable Rules of the chosen "Administrator," and (iii) this Agreement.  The party initiating the arbitration must choose one of the two following arbitration firms ("Administrator") and follow the Rules for initiating and pursuing an arbitration:
>
> American Arbitration Association     National Arbitration Forum
> 335 Madison Avenue, Floor 10          P.O. Box 50191
> New York, NY 10017-4605               Minneapolis, MN 55404
> www.adr.org                          www.arbitration-forum.com
>
> . . .
>
> **<u>Administration of Arbitration.</u>**  Arbitration shall be administered by the chosen Administrator, but if said Administrator is unable or unwilling to administer the arbitration, then an alternate Administrator shall be chosen by the party initiating the arbitration and that Administrator shall administer any arbitration required under this Agreement pursuant to its Rules.  The arbitrator shall make his or her decision in accordance with the applicable law, and shall be empowered to award any damages or other relief provided for under the applicable law.

Clerk's No. 6-2 at 1.

The parties do not dispute that arbitration is required in this case.  *See* Clerk's Nos. 6 at 5, 7 at 1.  Nor do the parties dispute that Plaintiff attempted to select the National Arbitration Forum ("NAF") as the Administrator pursuant to the Agreement, only to discover that NAF is unavailable because it no longer administers consumer arbitrations.  *See* Clerk's Nos. 7 at 1, 8 at 2.  Instead, the parties dispute whether, after it became clear NAF was unavailable, the language of the Agreement permitted Plaintiff to select Judicial Arbitration and Mediation Services, Inc.

("JAMS") as the Administrator, or whether she was required to select the American Arbitration

Association ("AAA").  Thus, the question is one of contract interpretation.  Because the financial

transaction underlying the Agreement took place in Iowa, interpretation of the Agreement is a

question of Iowa law.  *See* Clerk's No. 6-2 at 2 ("This agreement is governed by federal law and

by the laws of the state where the closing of the Credit Transaction took place, but only to the

extent that such state laws are consistent or compatible with federal law."); *see also Keymer v.*

*Mgmt. Recruiters Intern., Inc.*, 169 F.3d 501, 504 (8th Cir. 1999) (applying "ordinary state law

contract principles" to the interpretation of an arbitration agreement governed by the Federal

Arbitration Act).

　　"A contract must be interpreted as a whole; an interpretation which gives a reasonable

meaning to all terms is preferred to one which renders a term superfluous or of no effect."

*Kerndt v. Rolling Hills Nat'l Bank*, 558 N.W.2d 410, 416 (Iowa 1997).  "In construing a written

contract, the intent of the parties controls; except in cases of ambiguity, the parties' intent is

determined by what the contract itself says."  *Id.*  A contract term is not ambiguous merely

because the parties disagree about its meaning.  *Walsh v. Nelson*, 622 N.W.2d 499, 503 (Iowa

2001).  Instead, the Court must determine what reasonable interpretations exist based on the

plain language of the contract.  *Id.*  "A term is ambiguous if, after all pertinent rules of

interpretation have been considered, a genuine uncertainty exists concerning which of two

reasonable interpretations is proper."  *Id.* (internal quotations omitted).

　　Based on the plain language of the Agreement, the Court concludes the Agreement is not

ambiguous and the only reasonable interpretation is that, because NAF is unavailable, Plaintiff

must select AAA as the "alternate Administrator" for the parties' arbitration.  The Agreement

provides that if the chosen Administrator "is unable or unwilling to administer the arbitration,

then an alternate Administrator shall be chosen by the party initiating the arbitration."  Clerk's

No. 6-2 at 1.  The Agreement indicates that the term "Administrator" means "one of the two

following arbitration firms," AAA and NAF.  In isolation, Plaintiff is correct that the language of

the Agreement could be interpreted as allowing her to select *any* alternate Administrator.  But

such an interpretation is not reasonable because it would render superfluous the parties' inclusion

of two named mandatory arbitration firms.  *See Kerndt*, 558 N.W.2d at 416 ("[A]n interpretation

which gives a reasonable meaning to all terms is preferred to one which renders a term

superfluous.").  Accordingly, because NAF is unavailable, the parties' arbitration must be

conducted by AAA pursuant to the terms of the Agreement.

### III.    CONCLUSION

For the reasons stated above, Defendant's Motion is GRANTED.  The parties shall enter

arbitration administered by AAA.  The Clerk shall stay this action pending resolution of the

arbitration.

IT IS SO ORDERED.

Dated this _____9th___ day of September, 2015.


ROBERT W. PRATT, Judge
U.S. DISTRICT COURT